UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD M.J. LEE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 1:07-CA-395-AWA |
| U.S. SECURITY ASSOCIATES, INC., | § § § | |
| Defendant. | § | JUDGE ANDREW W. AUSTIN |

### DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Now comes Defendant, U.S. Security Associates, Inc. ("USSA"), and files its Memorandum in Support of Motion for Protective Order as follows:

### I. BACKGROUND

On Friday, February 22, 2008, Plaintiff served Defendant with deposition notices. Plaintiff set the 30(b)(6) deposition of Defendant's corporate representative(s) on February 27, 2008. Plaintiff set the depositions of Neal Mulchrone and Marty Passmore for February 28, 2008.

### II. ARGUMENT

The Notice of Intention to Take Oral Deposition of Corporate Representative of U.S. Security Associates, Inc. should be modified with new dates to make the notice reasonable. Pursuant to Federal Rule of Civil Procedure 30(b), "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." (Emphasis added). The Notice only gives Defendant two business days to prepare corporate representatives for deposition, which is unreasonable.

Furthermore, other facts also make the date unilaterally chosen by Plaintiff unreasonable. Defendant's counsel is traveling on February 27, 2008, and unavailable. Furthermore, Neal Mulchrone, who will be Defendant's primary corporate representative, is also traveling on that date, and is unavailable. Since Plaintiff has already noticed the deposition of Mulchrone and Marty Passmore (who will also be one of Defendant's corporate representatives) for February 28, 2008, the Court should require Plaintiff to questions them on all matters, including corporate representative matters, on that date.

Additionally, Rolly Marlowe, of Tonopah, Nevada, will be Defendant's corporate representative to testify regarding a Department of Labor investigation in Tonopah, Nevada. Plaintiff may take his deposition by telephone, or in Tonopah, Nevada. Defendant proposes that his deposition take place on February 29, 2008 or during the week of March 3, 2008 (or as otherwise mutually agreed by the parties).

## **CONCLUSION**

For the reasons set forth above, the Court should modify the deposition notice to reflect that Mulchrone and Passmore will give their testimony, regarding all matters, including corporate representative matters, on February 28, 2008. The Court should also order that Marlowe's deposition take place on February 29, 2008 (or as otherwise mutually agreed by the parties) either by telephone or in Tonopah, Nevada.

Respectfully submitted,

By: /s/ Ralph J. Zatzkis
**Ralph J. Zatzkis**
State Bar No. 00792246
**FORD & HARRISON LLP**
1601 Elm Street, Suite 4350
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANT
U.S. SECURITY ASSOCIATES, INC.**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant's Memorandum in Support of Motion for Protective Order* was served upon counsel for Plaintiff by the Court's ECF system, this 25th day of February, 2008.

Russell Scott Cook, Esq.
The Law Office of R. Scott Cook
1411 West Avenue
Suite 100
Austin, Texas 78701

/s/ Ralph J. Zatzkis
Ralph J. Zatzkis