# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD M.J. LEE,<br>**Plaintiff,** | §<br>§<br>§ | |
| **vs.** | §<br>§ | CIVIL ACTION NO. A:07-CA-395 AWA |
| U.S. SECURITY ASSOCIATES, INC.,<br>**Defendant.** | §<br>§ | JUDGE ANDREW W. AUSTIN |

## DEFENDANT'S MOTION *IN LIMINE* AND MEMORANDUM IN SUPPORT TO EXCLUDE AND BAR EVIDENCE OF PLAINTIFF'S ALLEGED COMMUNICATIONS WITH THE DEPARTMENT OF LABOR

Defendant, U.S. Security Associates, Inc., ("Defendant"), files this Motion *in Limine* and Memorandum in Support requesting that the Court issue an Order instructing Plaintiff Ronald M.J. Lee ("Plaintiff"), his counsel and witnesses to refrain from seeking to introduce into evidence or making any direct or indirect mention at trial of Plaintiff's alleged communication with the U.S. Department of Labor. This evidence is hearsay and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

## BACKGROUND

Defendant is a security services firm doing business in the state of Texas, and provides security services to third parties pursuant to contracts between the third party and it. Defendant trains its employees and places them at the client's facilities to perform these job duties. Plaintiff Ronald M.J. Lee ("Plaintiff") was an employee of Defendant who worked as a field supervisor, security officer, and loss prevention officer at Defendant's Austin, Texas branch office. Plaintiff filed this action against Defendant, claiming violations of the Fair Labor Standards Act ("FLSA").

Plaintiff testified in his deposition that he contacted the Department of Labor to complain that Defendant was not paying him for overtime hours he allegedly worked. (Dep. of Lee, p.79-80, 83-84 – Attached as Exhibit A). Plaintiff claims that he spoke with a woman, whose name he does not recall, at the U.S. Department of Labor, and that this woman told him to try to "work things out" with Defendant before making a claim. (Dep. of Lee, p. 79-30, 83). Plaintiff admits that that was the end of his contact with the U.S. Department of Labor; he does not claim to have filed a formal complaint thereafter.

## LAW AND ARGUMENT

Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.E. 801(c). Plaintiff's testimony regarding the statements made by an unnamed person at the Department of Labor is hearsay. The declarant, the Department of Labor agent, did not make the alleged statement at a trial or hearing, and the alleged statement is used to prove the matter asserted: that Plaintiff was told by a representative of the Department of Labor to talk to USSA personnel before filing a complaint with the Department of Labor.

Hearsay testimony is inadmissible pursuant to Rule of Federal Evidence 802. The purpose of excluding hearsay testimony is to guarantee indicia of trustworthiness of evidence.

Plaintiff may argue that a statement made by the Department of Labor, a public agency, qualifies as an exception to hearsay under F.R.E. 803(8), which excepts from the hearsay exclusion statements "resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." F.R.E. 803(8)(C). However, Plaintiff has not alleged that any Department of Labor investigation was ever made. Further, there is no assurance of trustworthiness since it is only Plaintiff's bare

allegation that he actually spoke with someone; he never recorded the name and never attempted to request that the Department of Labor initiate an investigation.

Moreover, the stated reasoning for allowing this exception is not present in this circumstance. The rationale is "the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record. *Wong Wing Foo v. McGrath*, 196 F.2d 120 (9th Cir. 1952), and *see Chesapeake & Delaware Canal Co. v. United States*, 250 U.S. 123 (1919)." Notes of Advisory Committee on the Rules of Evidence. There is no reason here to believe that there is a record from which this unknown woman could remember the details of the alleged phone conversation with Plaintiff. Therefore, neither she nor he can confirm that his memory of this alleged conversation is accurate. Thus, the anticipated testimony lacks trustworthiness and should be prohibited.

## CONCLUSION

Plaintiff's anticipated testimony concerning his alleged communication with the Department of Labor is hearsay evidence under Rule 801 of the Federal Rules of Evidence. Defendant U.S. Security Associates, Inc. respectfully requests that the Court grant its Motion *in Limine* and issue an Order instructing Plaintiff, his counsel and witnesses to refrain from seeking to introduce into evidence or making any direct or indirect mention at trial of the alleged communication.

Respectfully submitted,

By:     /s/ Ralph J. Zatzkis
        **Ralph J. Zatzkis**
        TX State Bar No. 00792246

**FORD & HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone:     (214) 256-4700
Facsimile:     (214) 256-4701


By:     /s/ Timothy S. Bland
        Timothy S. Bland
        TN Bar No. 015376

**FORD & HARRISON LLP**
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120
Telephone:     (901) 291-1500
Facsimile:     (901) 291-1501

**ATTORNEYS FOR DEFENDANT
U.S. SECURITY ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Defendant U.S. Security Associates, Inc.'s Motion in Limine to Prohibit Testimony Regarding Plaintiff's Communication with the Department of Labor* was served upon counsel for Plaintiff via the Court's electronic filing notification system, this 5th day of May, 2008, as follows:


Russell Scott Cook, Esq.
The Law Office of R. Scott Cook
1411 West Avenue, Suite 100
Austin, Texas 78701

                                   /s/ Ralph J. Zatzkis



1                 UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                     AUSTIN DIVISION
3   RONALD M.J. LEE                    º
                                       º
4         Plaintiff,                   º
    VS.                                º  CIVIL ACTION NO.
5                                      º  A-07-CA-395-LY
                                       º
6   U.S. SECURITY ASSOCIATES, INC.     º
                                       º     COPY
7         Defendant.                   º
8
9
    *************************************************************
10
                ORAL AND VIDEOTAPED DEPOSITION OF
11
                        RONALD M.J. LEE
12
                        OCTOBER 19, 2007
13
                           VOLUME 1
14
    *************************************************************
15
16      ANSWERS AND DEPOSITION OF RONALD M.J. LEE, produced
17  as a witness at the instance of the Defendant, taken in
18  the above-styled and numbered cause on the 19th day of
19  October, 2007, beginning at 9:00 a.m., before Geneva G.
20  Garcia, a Certified Shorthand Reporter in and for the
21  State of Texas, at the offices of Russell Scott Cook,
22  located at 1411 West Avenue, Suite 100, Austin, Texas,
23  in accordance with the Federal Rules of Civil Procedure
24  and the agreements hereinafter set forth.
25

1    Q.    That's it?

2    A.    That's it, the two hours.

3    Q.    Now, I think you said that -- I read this

4  somewhere -- that you talked to someone at the

5  Department of Labor?

6    A.    Yes, I did.

7    Q.    Who did you talk to?

8    A.    I don't know her name, but I called the

9  Department of Labor and I informed them about the

10  situation and they said before I should make a claim, I

11  should go to my company and see if we can work it out

12  with my company first.  And that's why I wrote the

13  letter.

14    Q.    Did you -- did you write a letter to the

15  Department of Labor?

16    A.    No.  I was just on the phone with them.

17    Q.    And they didn't tell you to come down there

18  and bring any papers to them?

19    A.    They said to clarify it with my office first,

20  see if I can work it out with them first -- the hours

21  that I claim.  If not, then come back.

22    Q.    And you didn't go back?

23    A.    No, because I got legal counsel.

24    Q.    And when did you make this call to the

25  Department of Labor?

1      A.      That was -- let me see -- I would like -- I

2  mean, this is just -- somewhere in March, I think.

3      Q.      And you don't know the name of the person you

4  talked to?

5      A.      No.

6      Q.      Did you have any other contacts with the

7  Department of Labor?

8      A.      No.

9      Q.      Did you ever tell Mr. Passmore or Mr. Simpson

10 that you were not treated fairly in any way?

11     A.      I had a meeting with Mr. Marty Passmore about

12 Jerry McFarland, yes.

13     Q.      Okay.  When was that?

14     A.      That was like more in 2007 -- more to the end

15 of -- the beginning of 2007.

16     Q.      And what did you tell him?

17     A.      Well, like Jerry over -- he went over and

18 beyond his boundary.  He was starting to get -- well, he

19 was asking more duties of myself and other supervisors.

20     Q.      And what did he tell you?

21     A.      Well, he was more like -- again, I'm --

22 because I was questioning him at the end about me

23 holding or him transferring the phone to me when it's on

24 his duty.  And, again, he was saying, "Well, that's part

25 of -- he made it like, this is part of the team --

1    A.    Yeah, for the meeting.  And he said that they
2    came up with the conclusion that I'm a good officer, but
3    I'm not at this time a, you know, supervisor material.
4        Q.    Now, you said that you called the Department
5    of Labor -- I believe you said, you called the
6    Department of Labor in March?
7        A.    Yeah, April, March, I believe.  I'm not
8    exactly sure what date.
9        Q.    And you -- did you call them?  What was the
10   reason you picked up the phone and called them at that
11   time?
12       A.    Because of the -- from a supervisor, they
13   made me to an officer.  And all the hours that I did
14   work that they said in a way to profit -- you know, they
15   were saying, "This is going to benefit you in the long
16   run with the company," well, if they -- they knocked me
17   down towards -- from a supervisor to an officer; I said,
18   "Well, all this time that I've put in working and beyond
19   my time and now they just -- after almost five years
20   they tell me I'm not a supervisor anymore."
21             So I said, "Well, at least -- but if you
22   told me that it would benefit me and now it doesn't."
23   So I said, "Okay, I'm going to average it out and I'm
24   going to call the labor board if I had, you know, a
25   ground that I can't get all these hours back that I

1    worked and were not being recorded."

2        Q.    Did you tell anybody at U.S. Security

3    Associates that you had called the Department of

4    Labor?

5        A.    No, I didn't.

6        Q.    And I take it that you did not have a

7    discussion with Mr. Passmore after you wrote the letter

8    to him?

9        A.    No.  I never got a response to my letter.

10       Q.    Did you ever bring your children to work with

11   you while you were working?

12       A.    Yes, I did.  For a short time.

13       Q.    How often did you do this?

14       A.    I would say probably a good month.

15       Q.    Just a month?

16       A.    Yeah.

17       Q.    Were you supposed to do this?

18       A.    No.  I just brought them because my wife got

19   off at 5:00 -- when I brought them -- when I got to the

20   office at 5:30, she got off of work.  So all she did is

21   they just stayed there and she picked them up.  They

22   didn't stay at the office.  If it was ten -- ten

23   minutes.  Ten, fifteen minutes.

24       Q.    Did that violate policy of U.S. Security?

25       A.    Well, at that time Marty Passmore did not

STATE OF TEXAS        )

     I, Geneva G. Garcia, a Certified Shorthand Reporter
in and for the State of Texas, do hereby certify that,
pursuant to the agreement hereinbefore set forth, there
came before me on the 19th day of October, A.D., 2007,
at 9:00 a.m., at the offices Russell Scott Cook, located
at 1411 West Avenue, in the City of Austin, State of
Texas, the following named person, to wit: RONALD M.J.
LEE, who was by me duly cautioned and sworn to testify
the truth, the whole truth and nothing but the truth of
his knowledge touching and concerning the matters in
controversy in this cause; and that he was thereupon
carefully examined upon his oath, and his examination
reduced to writing under my supervision; that the
deposition is a true record of the testimony given by
the witness, same to be sworn to and subscribed by said
witness before any Notary Public, pursuant to the
agreement of the parties.

     I further certify that I am neither attorney or
counsel for, nor related to or employed by, any of the
parties to the action in which this deposition is taken,
and further that I am not a relative or employee of any
attorney or counsel employed by the parties hereto or
financially interested in the action.

1      I further certify that before the completion of the

2   deposition, the Deponent, RONALD M.J. LEE, and/or the

3   Plaintiff/Defendant  √  did _____ did not request to

4   review the transcript.

5      In witness whereof, I have hereunto set my hand and

6   affixed my seal this  1st  day of  November, A.D., 2007.

7

8

9

10                 _Geneva G. Garcia_____

                  GENEVA G. GARCIA, TEXAS CSR #5222

11                Expiration Date: 12-31-07

                  Firm Registration #491

12                ABC Court Reporters

                  The Nathaniel Barrett Building

13                903 E. 18th St., Suite 115

                  Plano, Texas  75074

14                214.303.0222

                  214.303.0202 (Fax)

15

16   Taxable Cost: $_____

17

18

19

20

21

22

23

24

25